IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NICK HERRERA,

        Plaintiff,

vs.                                                                   CIV-04-0301 JC/WDS

CITY OF RUIDOSO DOWNS,
CITY OF RUIDOSO DOWNS MAYOR,
BOB MILLER in his official and individual
capacity, VILLAGE OF RUIDOSO DOWNS
BOARD OF TRUSTEES, MARGIE MORALES,
JUDY MILLER, RENE OLIVIO, and SUSAN
GARRETT, in their individual capacities,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendants' Motion for Summary Judgment, filed May 17, 2004 (*Doc. 5*). Having considered the Motion, the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court finds the Motion well-taken and, for the reasons that follow, it is granted.

**I.    Background**

Plaintiff was hired as Fire Chief for the Village of Ruidoso Downs in 1994. In August of 2000, Plaintiff received notice of pre-termination proceedings against him, which were held on August 14 and 25 of that year. Plaintiff did not attend those hearings, but he was represented by counsel who was present for both. On August 30, 2000, Plaintiff's employment was terminated. During the pendency of Plaintiff's administrative appeal, felony criminal charges were filed against Plaintiff and two of his intended witnesses in his administrative appeal. The two witnesses were

exonerated at trial and the criminal case against Plaintiff ended in a mistrial. Some time thereafter, the charges against Plaintiff were dismissed. Subsequently, Plaintiff requested reinstatement to his position or, alternatively, that the administrative proceedings be resumed. Unsatisfied with Defendants' response, Plaintiff filed his Complaint for Violation of Civil Rights and Pendent State Claim on March 16, 2004 (*Doc. 1*).

On May 17, 2004, before any discovery had taken place, Defendants filed the Motion for Summary Judgment ("Motion") presently before the Court, asserting that all claims are barred by their respective statutes of limitations. Plaintiff then filed Plaintiff's Rule 56(f) Motion to Stay Summary Judgment Proceedings on May 28, 2004 (*Doc. 7*). United States Magistrate Judge Schneider's Order, filed June 30, 2004 (*Doc. 16*) granted Plaintiff's motion and stayed summary judgment proceedings, allowing Plaintiff to conduct discovery pertaining to five pieces of evidence Plaintiff had identified as necessary in order to properly respond to this Motion. That Order afforded Plaintiff twenty days subsequent to receipt of such evidence to submit his response to Defendant's Motion. Limited discovery was exchanged, though it does not appear to have strengthened Plaintiff's position in any way, and Defendant's Motion is now before the Court for ruling.[1]

## II.     Legal Standard

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). For purposes of a summary judgment motion, the evidence is viewed in the light most favorable to the non-moving

---

[1]In fact, discovery is now stayed pending this Court's ruling on Defendant's Motion. Order, filed August 18, 2004 (*Doc. 22*).

party. *Id*. The moving party has the initial burden of showing that there is no genuine issue of material fact. *Id.* at 256. The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim, as "a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-25 (1986).

Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. *Anderson,* 477 U.S. at 248, 256. To meet this burden, the non-movant must specify evidence in the record and demonstrate the precise manner in which that evidence supports its claims. *Gross v. Burggraf*, 53 F.3d 1531, 1546 (10th Cir. 1995). Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. *Id.* If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. *Matsushita*, 475 U.S. at 597.

**III.   Discussion**

Defendants move the Court for summary judgment on all of Plaintiff's claims, asserting that each carries a three-year statute of limitations and filing was untimely in each. Indeed, it is rightly undisputed that claims brought pursuant to 42 U.S.C.§ 1981 and §1983 must be brought within three years of accrual. *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 661-62 (1987); *Garcia v. Wilson*, 731 F.2d 640 (10th Cir. 1984); NMSA 1978 § 37-1-8 (1976). Accrual of claims in employment matters occurs with the earlier of termination or notice of termination. *Chardon v. Fernandez*, 454

U.S. 6, 8 (1981). Likewise, common law claims for breach of contract must be brought within three years of occurrence of the "act of omission or commission giving rise to the cause of action, suit or proceeding." NMSA 1978 § 37-1-24 (1953).

### *Exhaustion*

Plaintiff was terminated on August 30, 2000[2]. Plaintiff does not contest the three-year statutes of limitation as discussed above. Resp. at 4. Instead, Plaintiff responds to Defendants' Motion by asserting that he was unable to file his Complaint until he had exhausted his administrative appeal and for that reason he should be relieved of the deadlines. The Court will dismiss this argument summarily, for no such exhaustion requirement applies to Plaintiff's federal claims. *Hopkins v. Okla. Pub. Employees Ret. Sys.*, 150 F.3d 1155, 1160 (10th Cir. 1998) ("It is more than well-settled that a plaintiff under 42 U.S.C. § 1983 need not exhaust his administrative remedies before filing suit."); *Taylor v. Safeway Stores, Inc.*, 524 F.2d 274 (10th Cir. 1975) (§ 1981 does not require administrative exhaustion). Nor is Plaintiff's State law claim for breach of contract subject to exhaustion absent such a term in the contract or a statutory remedy[3]. *See McDowell v. Napolitano*, 119 N.M. 696, 700-01 (1995) (holding in the absence of a statutory remedy, a University of New Mexico School of Medicine employee who had abandoned his administrative appeals by filing

---

[2]In his Response Brief, Plaintiff renders an unsupported denial of Defendants' Undisputed Material Fact No. 4, which declares August 30, 2000 to be the date of Plaintiff's employment termination. The Court deems it undisputed that Plaintiff was terminated on August 30, 2000, as an unsupported denial does not raise an issue of fact for summary judgment. *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968).

[3]Relevant portions of the Village Ordinance state that "[d]isciplinary actions, taken against regular, classified employees, *other than termination for cause*, shall be subject to appeal and review before the Grievance Board" and that "[t]ermination for cause shall not constitute a grievance." Reply, Exs. A and B.

suit, and who was found to have discharged his own contractual obligations, had no exhaustion prerequisite). Thus, the Court finds that no exhaustion requirement prevented Plaintiff from timely filing his claims in this case.

### *Equitable Tolling*

Next, Plaintiff encourages the Court to apply the doctrine of equitable tolling to excuse his late filing. Specifically, Plaintiff contends that because criminal charges were filed against him during his administrative appeal from the notice of termination, and the administrative proceedings were "abated" during the pendency of the criminal charges, Plaintiff should be allowed to invoke the doctrine of equitable tolling to excuse his seven-month delay in filing these claims. For the following reasons, the Court disagrees.

Time requirements in lawsuits between private litigants are customarily subject to "equitable tolling." *Hallstrom v. Tillamook County*, 493 U.S. 20, 27, 107 (1989). The Tenth Circuit demarcates essentially four instances in which a party may invoke the doctrine of equitable tolling: (1) where a claimant has actively pursued his judicial remedies by filing a defective pleading; (2) where a party has been tricked by his adversary into missing the filing deadline; (3) if a plaintiff has been misled in some extraordinary way, or (4) when there is some extraordinary circumstance that makes it impossible for the party to file his claims within the statutory period. *U.S.A. v. Clymore*, 245 F.3d 1195, 1199 (10th Cir. 2001) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264 (10th Cir. 1996); *Johnson v. United States Postal Serv.*, 861 F.2d 1475, 1481 (10th Cir. 1988); *Hanger v. Abbott*, 73 U.S. (6 Wall.) 532, 542 (1867)). The Court has strained to identify precisely which of these exceptions Plaintiff seeks to invoke. No defective pleading was filed in this case, nor has Plaintiff offered evidence of trickery or

5

having been misled in any way. By default, the Court will narrow its inquiry to whether Plaintiff has presented sufficient evidence to support a finding of extraordinary circumstances warranting relief from the filing deadlines.

It is settled that equitable tolling is appropriate only in rare and exceptional circumstances. *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Historically, courts have found such extraordinary circumstances warranting equitable tolling where, for example, the courts in the southern states were closed during the Civil War. *Hanger v. Abbott*, 73 U.S. (Wall.) at 542. *See also Burnett v. New York Central R. C*o., 380 U.S. 424, 13 L. Ed. 2d 941, 85 S. Ct. 1050 (1965) (plaintiff timely filed complaint in wrong court); *Herb v. Pitcairn*, 325 U.S. 77, 89 L. Ed. 1483, 65 S. Ct. 954 (1945) (same); *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 38 L. Ed. 2d 713, 94 S. Ct. 756 (1974) (plaintiff's timely filing of a defective class action tolled the limitations period as to the individual claims of purported class members). The Supreme Court has, however, "generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151, 80 L. Ed. 2d 196, 104 S. Ct. 1723 (1984).

Here, Plaintiff argues that because criminal charges were filed against him while his administrative review was ongoing, those criminal charges somehow transformed the nature of his employment termination for cause into *arising out of* the criminal charges and, therefore, the analysis applicable to that set of facts ought to apply[4]. In fact, the termination proceedings against Plaintiff

---

[4]Defendants correctly argue that Section 3-7-10 of the Village Ordinance, applicable to a situation in which an employee faces termination as a result of being charged with a criminal offense, does not bear on the facts of this case, for Plaintiff was terminated for cause approximately nine months before he was indicted. Reply at 5.

preceded the criminal charges lodged against him.  Thus, neither the filing nor the dismissal of those criminal charges has any effect on the statutes of limitation on his civil claims.  Nor does the status of Plaintiff's administrative appeal alter the undisputed fact that August of the year 2000 is when Plaintiff's claims accrued, for that is when Plaintiff received notice of pre-termination proceedings and was actually terminated.  Therefore, Plaintiff's March 16, 2004 filing is untimely and this remains so notwithstanding the ongoing administrative proceedings because those proceedings were not a prerequisite to his filing suit.  In short, the Court finds that the operative facts of this case do not warrant relief from the missed filing deadlines under the doctrine of equitable tolling, or on any other legally recognizable ground, and Plaintiff's claims must, therefore, be dismissed as untimely.

## IV.     Conclusion

In summary, the Court determines that there is no genuine issue of material fact in need of resolution in this matter and Defendant is entitled to judgment as a matter of law.  The Court finds Plaintiff's Complaint untimely in that each count therein carries a three-year statute of limitations which Plaintiff exceeded by approximately seven months.  Because Plaintiff has failed to offer sufficient summary judgment evidence establishing that his delay in filing was due to either fulfillment of an exhaustion requirement or attributable to any of the legally recognized instances that might enable him to invoke equitable tolling, Plaintiff's Complaint must be dismissed.

WHEREFORE,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment, filed May 17, 2004 (*Doc. 5*) is GRANTED and Plaintiff's Complaint is DISMISSED in its entirety with prejudice.

DATED December 13, 2004.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

    J. Robert Beauvais, Esq.
    Ruidoso, New Mexico

Counsel for Defendants:

    Richard E. Olson, Esq.
    Derek L. Brooks, Esq.
    Hinkle, Hensley, Shanor & Martin, LLP
    Roswell, New Mexico